UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

KAY L. ROGERSON,                )   Civil No. 92-5038
                                )
            Plaintiff,          )
                                )
    vs.                         )
                                )   COMPLAINT
DONALD B. RICE, Secretary,      )
United States Department of     )
the Air Force,                  )
                                )
            Defendant.          )

FILED
MAR 13 1992

I.

Plaintiff, Kay Rogerson, a female civilian employee of the United States Department of the Air Force, brings this action under 42 U.S.C. § 2000e-16 to redress the wrongs done to her by Defendant, whose actions towards Plaintiff have constituted sexual discrimination, sexual harassment, and retaliation.

II.

On February 4, 1986, Plaintiff made a formal complaint of her charges to the Air Force. After extensive administrative litigation, this complaint was settled on January 9, 1991. Defendant, however, has continued the course of sexual discrimination, sexual harassment, and retaliation, and has failed to comply with the 1991 settlement. Plaintiff timely sought to reinstate her 1986 complaint before the agency, and has exhausted her administrative remedies in this regard, including an appeal before the United States Equal Employment Opportunity Commission. On February 17, 1992, Plaintiff received a copy of the decision of the EEOC, informing Plaintiff of her right to sue within thirty

1

(30) days.

III.

Jurisdiction is conferred on this Court by 42 U.S.C. §§ 2000e-5, 2000e-16 and 28 U.S.C. § 1343.

IV.

Plaintiff is employed as a supervisory General Engineer in the Engineering and Environmental Planning Branch at Ellsworth Air Force Base, South Dakota. Plaintiff has at all times rendered consistently superior performance of her duties in this position.

V.

Following the settlement of a previous EEO complaint filed in 1981, Plaintiff was subjected to a "counseling" conducted by Colonel Beauchemin on October 17, 1985. In this meeting Plaintiff was "counseled" for allegedly sexist remarks made by Plaintiff when male employees received no such "counseling"; Plaintiff was "counseled" to wear suits like men, but without ties, even though no civilian dress code existed; Plaintiff was "counseled" reflecting stricter employment standards than those imposed on males of the same level as Plaintiff; and during this meeting Colonel Beauchemin continually referred to the short period of time she had held her job, the "transition period", and her job performance, all referring to Plaintiff's having been placed in her position as the result of the outcome of her earlier complaint. Moreover, Plaintiff's performance rating was downgraded from "superior" to "excellent", resulting in a loss of raises which she would have otherwise received.

2

VI.

Such actions constituted sexual discrimination, in that Plaintiff is a female and received treatment different from that accorded similarly situated male employees.

VII.

Such actions constituted retaliation, in that Plaintiff had engaged in the protected activity of filing an EEO complaint against the Air Force; the Air Force was aware of this complaint; and the Air Force took actions adversely impacting Plaintiff with the motive to retaliate against her for her complaint.

VIII.

Such conduct constituted sexual harassment in that it was verbal conduct of a sexual nature with the purpose or effect of unreasonably interfering with an individual's work performance and creating an intimidating, hostile, and offensive working environment.

IX.

On January 9, 1991, Plaintiff and Defendant agreed to a settlement of Plaintiff's administrative complaint arising from said sexual discrimination, sexual harassment, and retaliation, in which Defendant agreed that:

    a.    The Complainant's personnel records will reflect a Supervision rating on her annual performance rating for the period of 1 July 1984 through 30 June 1985. [Complainant] has previously been awarded, on 11 September 1986, the monetary benefits resulting from the Superior rating.

    b.    The Complainant's annual performance rating for the period of 1 July 1985 to 30 June 1986 will be upgraded from Excellent to Superior. The Complainant will be awarded appropriate adjustments to merit pay and the Performance Management and Recognition System (PMRS) performance award based on the Superior rating.

    c.    The Complainant's annual performance rating for the period of 1 July 1988 to 30 June 1989 will be upgraded from Fully Successful to Excellent. The Complainant will be awarded appropriate adjustments to merit pay and the PMRS performance award based on the Excellent rating.

    d.    The Agency will use its best efforts to have a Classification Specialist from either Military Airlift Command or Air *Force Logistics Command conduct an* audit upon the Complainant's position. The classification audit will be scheduled for July 1991. The Selected Classification Specialist will assist the Complainant's rating official (Base Civil Engineer) and the Complainant prepare a position description for the Complaint's (sic) position. The position description will be based upon the current duties performed by Complainant as Branch Chief, Engineering and Environmental Planning Branch, as of the date of the Settlement Agreement. When conducting the classification audit the Classification Specialist will consider necessary information to determine the proper classification of the Complainant's position. In the event the Base Civil Engineer and the Complainant cannot agree upon content and terminology of the position description within 30 days after the outside Classification Specialist commences the classification audit, the recommendations and findings of the outside Classification Specialist as to the content of the position description will be accepted by the parties.

Defendant has failed to carry out these provisions.

4

X.

Throughout her employment in her position and continuing to the present time, Plaintiff has been subjected to extreme mental cruelty and extreme stress; has been denied promotion and has had to fight for her performance ratings when other similarly situated male General Engineer employees were upgraded; has had to perform at much higher standards than her male counterparts; and has been subjected to continuous ridicule adversely affecting her health, attitude, and well-being, all solely on account of the fact that she is a female.

WHEREFORE, Plaintiff requests that the Court enter its order:

1. Enjoining Defendant and Defendant's agents, employees and officers from further acts of sexual discrimination, sexual harassment, and retaliation against Plaintiff;

2. Requiring Defendant to abide by its settlement agreement of January 9, 1991;

3. Awarding Plaintiff such promotions and increases in pay and benefits to which she would have been entitled in the absence of Defendants' acts of sexual discrimination, sexual harassment, and retaliation;

4. Awarding Plaintiff her attorney's fees, costs, and disbursements; and

5. For such other relief as this Court deems fit and proper.

                        COSTELLO, PORTER, HILL
                        HEISTERKAMP & BUSHNELL

By: _____
     Dennis H. Hill
     Attorneys for Plaintiff
     P.O. Box 290
     Rapid City, SD  57709
     605-343-2410