UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED

JUL 09 2010

CLERK

| | | |
|---|---|---|
| KAY L. ROGERSON, | ) | CIV. 92-5038-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES AIR FORCE, | ) | |
| | ) | |
| Defendant. | ) | |

## BACKGROUND

Kay Rogerson commenced this action on March 13, 1992, alleging that she was subjected to sexual discrimination, sexual harassment, and retaliation by defendant. After a lengthy discovery process, the parties reached a settlement agreement on February 8, 1996. This settlement agreement was approved by the Court on April 12, 1996.

The settlement agreement provided the following pertinent provisions:

> 3.  That, in consideration of the undertakings of plaintiff ROGERSON herein,
>
>   a.  The United States, on behalf of the defendant Secretary, United States Air Force, agrees to pay plaintiff the sum of $300,000 in compensatory damages, and $60,000 in attorney fees and costs, which sums represent payment in full settlement, accord and satisfaction of any and all monetary claims by the plaintiff, including, but not

                limited to all attorneys' fees and costs, paid by check made payable jointly to plaintiff ROGERSON and Attorneys of Record, MARK S. FALK AND KENNETH E. JASPER.

      b.     The United States Air Force agrees that it will not officially act, or fail to act, for the purpose of adversely affecting plaintiff ROGERSON'S Department of Labor, Office of Workers Compensation Program (OWCP) benefits or status.

4.     Plaintiff KAY L. ROGERSON hereby agrees to accept said actions set forth in paragraph 3 herein in full settlement and satisfaction of any claims or other rights of action and does, by these premises remise, release, acquit and forever discharge defendant, United States Air Force . . . .

...

7.     The plaintiff Rogerson specifically warrants to all parties and signatories to this agreement that she is entering into this agreement voluntarily and without any coercion or duress, that she has read this agreement in full and discussed all of its provisions with her undersigned attorneys of record and that she fully understands the meaning and consequences of all of its provisions, and further that she fully understands that by entering into this agreement she is terminating her employment relationship with the United States Air Force and terminating any and all past and pending employment related disputes of any kind whatsoever, with the United States Air Force.

Rogerson now comes before the Court requesting that the Court withdraw the Order approving the stipulation for compromise settlement and reinstate her claims. Rogerson contends that the Order and Judgment dismissing this matter were procured by fraud in that the United States Attorney's Office for the District of South Dakota and

former Magistrate Judge Marshall Young improperly represented to the Court that the Court had jurisdiction over the matter. Rogerson also contends the settlement agreement is illegal because it dismisses all criminal complaints which she had. Finally, Rogerson seeks reinstatement of her claims as she has been continually threatened by these parties to remain silent regarding her claims.

## DISCUSSION

This case has been pursued by Rogerson since 1992. However, the terms of the settlement agreement, as previously set forth, indicate that Rogerson relinquished the right to pursue her claims in exchange for $300,000 in compensatory damages and $60,000 in attorneys' fees. Rogerson has received the money promised by the terms of the settlement agreement. Now, approximately fourteen years later, she wishes to negate the agreement and reopen the matter. The terms of the settlement agreement, however, are clear. Rogerson understood the terms of the agreement and acted voluntarily when she entered into the agreement. Any allegations of fraud must set forth specific facts. See Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1064 (8th Cir. 2005); and Pope v. ESA Services, Inc., 406 F.3d 1001, 1011 (8th Cir. 2005). Plaintiff has not set forth specific facts to support her allegations, but rather presented the Court with speculation and conjecture. As a result, the Court

will not rescind the Order dated April 12, 1996, which dismissed this matter pursuant to the stipulation of dismissal and the terms of the settlement agreement.

Additionally, the Court has reviewed Rogerson's pleadings in <u>Rogerson v. United States of America</u>, CIV. 08-5060. The claims presented in CIV. 08-5060 are identical to the claims presented in this motion. Therefore, the Court concludes that the doctrine of *res judicata* is applicable in this matter.

"To establish that a claim is barred by res judicata a party must show: '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" <u>Yankton Sioux Tribe v. United States Depart. of Health and Human Services</u>, 533 F.3d 634, (8th Cir. 2008) (quoting <u>Costner v. URS Consultants, Inc.</u>, 153 F.3d 667, 673 (8th Cir. 1998)). A final judgment on the merits was issued in CIV. 08-5060. The district court assigned in CIV. 08-5060 had jurisdiction and the final judgment was reviewed by the Eighth Circuit Court of Appeals.

Furthermore, both CIV. 08-5060 and the instant case involve the same parties and arise out of the same claims. Each action involved Rogerson and the United States. Moreover, both actions set forth the same claims. As a result, the Court finds that

Rogerson is precluded by the final judgment in CIV. 08-5060 from further adjudicating these claims. Accordingly, it is hereby

ORDERED that Rogerson's motion to reopen this matter (Docket #155) is denied.

IT IS FURTHER ORDERED that Rogerson's motion for expedited processing and temporary relief (Docket #157) is denied.

IT IS FURTHER ORDERED that government's motion to strike (Docket #161) is dismissed as moot.

IT IS FURTHER ORDERED that Rogerson's motion to withdraw her statement of facts (Docket #166) is dismissed as moot.

IT IS FURTHER ORDERED that government's motion for sanctions (Docket #163) is denied.

IT IS FURTHER ORDERED that Rogerson's motion to withdraw Rules 60(b)(6) and 60(d)(1) (Docket #168) is dismissed as moot.

Dated this 8th day of July, 2010.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE